## THOMAS H. CURD v. VANAKEN WUNDER.

Where a mortgagor of personal property, by the express terms of the mortgage, retains the possession of the property until condition broken, such possession being coupled with a beneficial use, the special interest or property of the mortgagor is subject to execution or attachment by his other creditors.

The right to the immediate possession of the property in controversy, being essential in order to maintain replevin, that action cannot be maintained by the mortgagee of chattels before condition broken, when, by the terms of the mortgage, the mortgagor is entitled to retain the possession and use until the maturity of the debt.

In such case, if the security of the mortgagee is placed in jeopardy by proceedings on behalf of the other creditors of the mortgagor, the appropriate remedy of the mortgagee is by a proceeding in equity.

PETITION in error to reverse the judgment of the District Court of Hamilton county.

The original action was replevin, instituted by the defendant in error against the plaintiff in error, in the court of common pleas, for the recovery of certain chattels, constituting the furniture, decanters, glasses and stock of liquor, in a hotel called " The American," in the city of Cincinnati. After trial in the common pleas, the case was taken to the district court on appeal.

It appears, from a bill of exceptions taken on the trial in the district court, that Curd, the defendant below, had taken the property in controversy, in the capacity of constable, on an exe-

cution in his hands against one Valentine Burk; and that Wunder, the plaintiff below, had replevied the property, claiming it by virtue of a chattel mortgage, taken to secure a debt which Burk owed him, in the sum of twelve hundred dollars, payable in two payments, the last of which was to become due at the expiration of two years after the date of the mortgage. And it was specially stipulated in the mortgage, that Burk was to remain in the possession of the property until default in the last payment; and it appeared that Burk, as the keeper of the hotel, was in the possession and use of the articles, from the time of the mortgage, as he had been before, until the time of the levy. The mortgage was executed February 17th, 1851, and filed with the recorder on the 22d of the same month. And on the first of March, 1851, the judgment was recovered against Burk; on which, on the same day, the execution was issued, and levy made on the said property, by the plaintiff in error.

It further appears, from the bill of exceptions, that on the trial, the defendant asked the court to charge the jury as follows, to wit: 1st. That if they were satisfied, from the mortgage given in evidence in the case, that Wunder was not, by its terms, at the time of said levy, entitled to the possession of the property specified in said mortgage, he was not entitled to recover in this suit. 2d. That if the jury were satisfied, from the evidence, that it was the stipulation and understanding, of both the mortgagor and the mortgagee, at the time the mortgage was given, that the mortgagor should consume, or sell and dispose of, in the way of his business, any portion of the property embraced in the mortgage, this was a fraudulent arrangement, which would vitiate the whole instrument, and the plaintiff was not entitled to recover. These charges the court refused to give, but charged the jury, on the first point, that although, by the terms of the mortgage, the mortgagor was to retain possession of the property until default made in the payment of the debt; yet, if his possession was invaded, and the property taken out of his possession by a third person, as in the present case, by a levy, the mortgagee would at once be entitled to the possession, and to maintain replevin for the property. And, on the second point, the court charged the

jury, that although a mortgage of personal property, of which the mortgagor retained the possession, with the right to, and understanding between him and the mortgagee, that he might consume it, or sell and dispose of it, was void; yet where articles, in reference to which such an understanding existed, or might be presumed, were embraced in the same mortgage with other articles, in reference to which there was no such understanding, and which were not articles of traffic, but furniture, fixtures, etc., capable of separation, the mortgage as to such articles would, nevertheless, be good; and that such a mortgage would be bad and void, if void at all, only for the articles which were to be used up, or disposed of, and good for the residue. Whereupon the jury returned a verdict in favor of the plaintiff below, on which judgment was rendered. And to reverse this judgment, this petition in error is prosecuted.

*A. H. McGuffey,* and *Miner & Oliver,* for plaintiff in error, made the following points:

The judgment debtor, at the time of the levy, had a valuable interest or property in the articles mortgaged, and one which the mortgagee could not have deprived him of, until his debt matured and was unpaid. *Collins* v. *Evans,* 15 Pick. R. 63; *Britt* v. *Aylett,* 6 English (Ark.) R. 475.

The policy of the law forbids a judgment debtor from securing to himself, beyond the reach of his creditors, a valuable interest of this sort. If he may do so for two years, he may for any number of years.

The mortgagor's interest in the property, in this case, was a possession coupled with a beneficial use, and was similar to the interest of a mortgagor of lands before condition broken, and was subject to execution.

A party cannot maintain replevin against a sheriff or constable, for property taken by the latter on execution from the possession of the judgment debtor. *Kellogg* v. *Churchill,* 2 New Hamp. R. 412; *Wheeler* v. *Train,* 4 Pick. R. 167; *Judd* v. *Fox,* 9 Cow. R. 259; *Thompson* v. *Butler,* 14 Johns. R. 84.

A party, to maintain replevin, must have the property in the

goods, and an immediate right to reduce them into possession. *Dunham* v. *Wykoff*, 3 Wend. R. 280; *McCurdy* v. *Brown*, 1 Duer (N. Y.) R. 101; *Collins* v. *Evans*, 15 Pick. R. 63; *Britt* v. *Aylett*, 6 English's R. 475, cited above.

*R. D. & J. H. Handy*, for defendant in error, made the following points:

The mortgagee, by the mortgage, acquired the legal title to the chattels. The filing the mortgage operated, to all intents and purposes, as a delivery to the mortgagee.

Before the statute which authorized the filing, it was not the possession which was subject to levy—the *thing itself* was levied on, upon the *presumption*, arising from *possession*, that the property belonged to the person in whose possession it was found. It was upon the ground, not that the right, or license of the mort gagee to the mortgagor, to keep possession, was subject to levy, but because it was denied that any thing had passed from the mortgagor to the mortgagee.

In this case, there was no possession coupled with a use—there was no privilege granted to use; the mortgagor's right was but a mere *license*, revocable at any moment, and not subject to levy.

The following authorities sustain the charge of the court below: *Bates* v. *Wiles*, 1 Handy 534; 2 Spence's Eq. Ju. 771; Story on Bail., sec. 346; *Kemp* v. *Westbrook*, 2 Caine's Cases in Error 201; 1 Ves. 278; *Costligan* v. *Lansing*, 12 Johns. 145; *Garlic* v. *James*, 4 Denio 231; *Stearns* v. *Marsh*, 2 Hilliard on Mortg. 241; *Hall* v. *Snowhill*, 2 Green 8; *Allen* v. *Lincoln*, 13 Met. 204; *Forbes* v. *Parker*, 16 Pick. 462; 5 Barn. & Ald. 826; *Spriggs* v. *Camp et al.*, 2 Spear 181.

Replevin was sustained against officers, in *Pickard* v. *Low*, 3 Shep. (Maine) 52; *Waldo* v. *Sumner, sheriff*, 5 Pick. 58; *Rand* v. *Jewett*, 5 Greenl. 96—100; *Dunham* v. *Wickoff*, 3 Wend. 280.

In *Shurtleff* v. *Willard*, 19 Pick. 202, 211, 212, it was held, that a mortgage of chattels, though void as to a part of the thing mortgaged, on account of their character, is not void as to those proper to be mortgaged.

BARTLEY, J.   It is conceded on behalf of the plaintiff in error, that there was no error in the charge of the court below to the jury, on the second point made in the instructions asked, and which seems to be in accordance with the rule in *Shurtleff* v. *Willard*, 19 Pick. R. 202.   But it is insisted that the court erred in charging the jury as follows :   " That although, by the terms of the mortgage, the mortgagor was to retain possession of the property until default made in the payment of the debt ; yet if his possession was invaded, and the property taken out of his hands by a third person, as in the present case, by levy, the mortgagee would at once be entitled to the possession, and to maintain replevin for the property."

Where a mortgagor of personal property, by the express terms of the mortgage, retains the possession of the property until condition broken, such possession being coupled with a beneficial use, but not for purposes of consumption, the special interest or property of the mortgagor is subject to execution or attachment by his other creditors.

The right to the immediate possession of the property in controversy, in this case, being essential in order to maintain replevin, that action cannot be maintained by the mortgagee of chattels before condition broken, when, by the terms of the mortgage, the mortgagor is entitled to retain the possession and use until the maturity of the debt.

In such case, if the security of the mortgagee be placed in jeopardy by proceedings on behalf of other creditors of the mortgagor, the appropriate remedy is by a proceeding in equity.

*Judgment of the district court reversed, and cause remanded.*